UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRITZ SIMEON,                          )
                                       )
            Petitioner,                )
                                       )
            v.                         )           Civil Action No. 15-cv-30044-MAP
                                       )
STATE OF MASSACHUSETTS,                )
                                       )
            Respondent.                )

MEMORANDUM AND ORDER

ROBERTSON, U.S.M.J.

On March 19, 2015, Fritz Simeon ("Petitioner"), an immigration detainee currently held

at the Franklin County Jail and House of Correction in Greenfield, Massachusetts, filed a self-

prepared "Motion to Vacate Conviction" that was docketed as a Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2241 (Docket No. 1). Petitioner challenges his July 23, 2008

guilty plea to indecent assault, assault, and attempted rape on the basis of ineffective assistance

of counsel. *See Padilla v. Kentucky*, 559 U.S. 356 (2010) (failure to warn of immigration

consequences of guilty plea is ineffective assistance of counsel).

Petitioner also filed a Motion for Leave to Proceed In Forma Pauperis (Docket No. 2),

which was referred to this court the same day. For the reasons set forth below, the court (1)

denies without prejudice petitioner's Motion for Leave to Proceed In Forma Pauperis; (2) directs

the Clerk of Court to correct the Respondent in this matter to the proper party; and (3) orders the

proper Respondent to file an answer or other responsive pleading.

A party filing a habeas action in this court must either (1) pay the $5.00 filing fee for

habeas corpus actions; or (2) seek leave to proceed without prepayment of the filing fee. *See* Fee

Schedule for the District of Massachusetts ($5.00 fee to file writ of habeas corpus); 28 U.S.C. §

1914(a) (fees); 28 U.S.C. § 1915 (proceeding in forma pauperis).  A motion for leave to proceed

in forma pauperis, or to proceed without prepayment of fees, must be accompanied by "a

certificate from the warden or other appropriate officer of the place of confinement showing the

amount of money or securities that the petitioner has in any account in the institution."  Rule 3(a)

of the Rules Governing Section 2254 Cases.[1]

Here, although petitioner has completed and submitted the proper application to proceed

without prepayment of fees, he has failed to submit a certified prison account statement in

support of his motion.  The attached exhibit, titled "Financial Affidavit," is insufficient.  Thus,

petitioner's motion to proceed in forma pauperis will be denied without prejudice to his

submitting his prison accounts statement.

Further, because Petitioner is seeking habeas corpus relief, whether pursuant to 28 U.S.C.

§ 2254 or 28 U.S.C. § 2241, the State of Massachusetts is not the proper party to be named as

Respondent.  Rather, Franklin County Sheriff Christopher P. Donelan is the correct party, as he

is "the individual having day-to-day control over the facility in which [Petitioner] is being

detained."  *Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000); *see Rumsfeld v. Padilla*, 542

U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present

physical custody within the United States, he should name his warden as respondent and file the

petition in the district of confinement."); Rule 2(a) of the Rules Governing Habeas Corpus Cases

Under Section 2254 ("If the petitioner is currently in custody under a state-court judgment, the

petition must name as respondent the state officer who has custody.").[2]

---

[1] The Rules Governing Section 2254 and 2255 Cases may be applied at the discretion of the district court
to other habeas petitions.  *See* Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section
2254.
[2] The reason that the proper respondent is deemed to be the individual with the day to day control over a
petitioner is because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but

<u>ORDER</u>

Accordingly, it is hereby ordered that:

1. The Motion to Proceed In Forma Pauperis (Docket No. 2) is DENIED without prejudice. If petitioner wishes to proceed with this action, within 21 days of the date of this Order, he either must (1) pay the $5.00 filing fee; or (2) file a certified prison account statement with the court. Failure of petitioner to comply with this directive may result in the dismissal of this action without prejudice. The clerk shall send a copy of this Order to the Treasurer's Office of the prison facility where petitioner is detained, in order to facilitate any request by petition for his certified prison account statement;

2. The Clerk of this Court shall correct the named Respondent from State of Massachusetts to Christopher P. Donelan;

3. The Clerk of this Court shall serve a copy of the Petition upon (i) Respondent; (ii) the office of the United States Attorney General, and (iii) the United States Attorney;

4. The Respondent shall, within 21 days of receipt of this Order, file an answer or other responsive pleading; and

5. The Respondent shall provide the court with at least 48 hours (i.e., 2 business days) advance notice of any scheduled removal of petitioner, and any scheduled transfer of the petitioner out of the jurisdiction.

---

upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973).

It is so ordered.

DATED: March 25, 2015                                     /s/ Katherine A. Robertson
                                                         KATHERINE A. ROBERTSON
                                                         United States Magistrate Judge